IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GONZALES SOUTH TEXAS ELECTRIC     §
CORPORATION,                       §
                                   §
            Plaintiff,             §
                                   §
VS.                                §     CIVIL ACTION NO. H-14-2216
                                   §
JEFFREY C. STONE, INC. d/b/a       §
SUMMIT BUILDERS, SAFECO            §
INSURANCE COMPANY OF AMERICA,      §
and SUMMIT DCK, LLC,               §
                                   §
            Defendants.            §

<u>OPINION AND ORDER OF REMAND</u>

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, is Plaintiff Gonzales's motion to remand (instrument #8) pursuant to 28 U.S.C. § 1447(c) because of procedural defects in the removal.

For the reasons indicated *infra*, the Court concludes that the motion should be granted.

**Standard of Review**

Under 28 U.S.C. § 1441(a)[1] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543

---

[1] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

Under 28 U.S.C. § 1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. When jurisdiction is based on diversity, citizenship must be distinctly and affirmatively alleged. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988), *citing McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The citizenship of a corporation

is determined under 28 U.S.C. § 1332(c) by the state under whose laws the entity was organized or where it has its principal place of business.

In addition to satisfying jurisdictional requirements, a removing defendant must also satisfy procedural requirements. Under 28 U.S.C. § 1446(b),[2] failure to file for removal within 30 days of being served with a copy of the pleading or summons is a procedural defect warranting remand. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991). If at first the case is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The "other paper" under § 1446(b)(3) may be discovery responses, pleadings, deposition transcripts, and attorney communications. *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 881 (S.D. Miss. 1997)(and cases cited therein). Furthermore, while a defendant could waive its removal rights, "[a]

---

[2] Section 1446(b)(1) states in full,

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

waiver of the right to remove from state court must be clear and unequivocal; the right to removal is not lost by participating in state court short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). *See also Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The removal is procedurally defective if such consent is not timely obtained. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992). Moreover there must be "some timely written indication" of each served defendant's consent. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1255, 1262 (5th Cir. 1998).

Under 28 U.S.C. § 1446(b)(3)(known as the "voluntary-involuntary rule"), a case that is not initially removable can become so by a voluntary act of the plaintiff through an amended pleading, motion, or other paper that gives the defendant notice of the changed circumstances which support federal jurisdiction. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)("paper must result from a voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996)(a party can move for

removal a second time when the pleadings or events establish a new factual basis for removal).

In *Crockett v. R.J. Reynolds Co.*, 436 F.3d 529 (5th Cir. 2006), *cert. denied*, 548 U.S. 907 (2006), plaintiffs filed a wrongful death action in state court against (1) tobacco defendants and (2) health care defendants. Plaintiffs and the healthcare defendants were not diverse, while plaintiffs and the tobacco defendants were. The latter removed the case claiming fraudulent joinder of the healthcare defendants, but the federal district court disagreed and remanded the action to state court. Once back in state court, over the plaintiffs' objections the tobacco defendants moved to sever the plaintiffs' claims against them from those against the healthcare defendants and prevailed. When the severance order was issued, despite plaintiffs' opposition the tobacco defendants removed again, arguing that the severance of the non-diverse defendants resulted in complete diversity in the action against the tobacco defendants, and then filed a motion for judgment on the pleadings. The plaintiffs again filed a motion to remand. The federal district court granted the defendants' motion for judgment. On appeal, when the plaintiffs argued that the district court lacked removal jurisdiction, the tobacco defendants contended that the severance order constituted an "order or other paper from which it may first be ascertained that the case is one . . . which became removable." *Crockett*, 436 F.3d at 532, *quoting* § 1446(b). The Fifth Circuit observed that Texas Rule of Civil Procedure 40 and

Federal Rule of Civil Procedure 20 both require (1) a claim for relief asserting joint, several or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences and (2) a common issue of law or fact; when these requirements are not met, "[a] party . . . can be improperly joined without being fraudulently joined." *Id.* at 533. It concluded that "removal on the basis of an unappealed severance by a state court of claims against improperly joined defendants is not subject to the voluntary-involuntary rule." *Id.*  Moreover if there is no fraud involved, if the joinder is improper the plaintiff does not have the ability to recover against each of the defendants. *Id., citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1363, 1360 (11th Cir. 1996).  In *Crockett*, the panel determined that "the medical negligence and malpractice claim and the burden of proof to sustain [that] claim [were] totally different [from] the burden of proof . . . necessary to secure judgment for product liability." *Id.*

If a suit is not initially removable on the face of the first pleading, but becomes removable, and if removal is based solely on diversity, the suit "may not be removed . . . more than 1 year after commencement of the action[3] unless the district court finds that the plaintiff has acted in bad faith in order to prevent a

---

[3] In Texas, a suit in the state district or county court is "commenced" when the initial petition is filed in the clerk's office.  Texas Rule of Civil Procedure 22.

defendant from removing the action."  28 U.S.C. § 1446(c)(1); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998). In *Tedford*, 327 F.3d at 426, the appellate court held that the one-year limit on removal is not jurisdictional, but subject to equitable exception and may be waived.  It opined that while Congress enacted § 1446(c)(1) to

> "reduc[e] opportunity for removal after substantial progress has been made in state court," . . . it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction.

*Id*. at 427.  Thus the court must consider the extent of litigation already accomplished in state court.  *New York Life Ins. v. Deshotel*, 142 F.3d at 886-87 (after parties have conducted substantial discovery in state court, "[r]emoval late in the proceedings may result in substantial delay and disruption.").

A federal court may find an equitable exception from the one-year limit where "the plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Id.* at 428-29.  Therefore after removal the federal district court must determine from the parties' conduct whether "it is equitable to strictly apply the one-year limit." *Id.* at 426.  That review includes deciding whether the defendant has waived its right to remove the case.  "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating

in state court proceedings short of seeking an adjudication on the merits." *Id.* at 428. In *Tedford*, 327 F.3d at 428-29, the Fifth Circuit held, "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require the one-year limit in § 1556(b) be extended."[4] *See, e.g., Brower v. Stanley, Inc.*, 306 Fed. Appx. 36, 38 (5th Cir. 2008)(applying equitable estoppel and denying motion to remand where plaintiff's counsel intentionally did not tell defendant that plaintiff's additional medical expenses would bring plaintiff's claim in excess of $75,000).

In *Tedford*, however, the Fifth Circuit also stressed that the defendant had been vigilant in seeking removal. *Tedford*, at 428 (a defendant's vigilance weights in favor of tolling). "Equity aids the vigilant and not those who slumber on their rights." *Nat'l Assoc. of Gov't Employees v. City Pub. Service Bd. of San Antonio, Texas*, 40 F.3d 698, 708 (5th Cir. 1994). *See also Monk v. Werhane Enterprises, Ltd.*, No. 06-4230, 2006 WL 3918395, at *4-5 (E.D. La. Nov. 27, 2006)(must have a pattern of forum manipulation for

---

[4] Title 28 U.S.C. § 1446(c)(1) was amended to incorporate the *Tedford* exception: "A case may not removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.* [emphasis added]" *Sanchez v. American Motorists Ins. Co.*, No. 1:12-CV-31, 2012 WL 2122194, at *1 n. 1 (S.D. Tex. July 11, 2012).

equitable estoppel to apply and defendants must have vigilantly sought removal); *Edwards v. Standard Fire Ins. Co.*,Civ. A. No. 07-6714, 2008 WL 1832366, at *3 (E.D. La. April 23, 2008)(remanding suit because Standard Fire Insurance Company slept on its rights and did not vigilantly file notice of removal by deadline); *Hargrove v. Bridgestone/Firestone North American Tire, LLC,* No. 10-CV-0318, 2012 WL 692410, at *6 (W.D. La. May 2, 2012)("Here Diverse Defendants were vigilant in seeking removal as best evidenced by their premature removal based merely upon a belief and nothing else, an action obviously taken to attempt to avoid the one-year removal limitation.").

Moreover, the court must balance the *Tedford* exception with the general rule that removal jurisdiction must be strictly construed and any doubts should be resolved against federal jurisdiction. *Petrie v. Wells Fargo Bank, N.A.*, Civ. A. No. J-14-411, 2014 WL 1621781, at *2 (S.D. Tex. Apr. 22, 2014), *citing Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## Procedural History

The procedural history of this case is lengthy, complicated, and relevant to the issue of whether Gonzales acted in bad faith to undermine Defendants' right and ability to remove this action.

On July 18, 2012 Plaintiff Crawford Electric Supply ("Crawford") filed its Original Petition (#1-3) against Defendants Gonzales South Texas Electric ("Gonzales"), Jeffrey C. Stone, Inc. d/b/a Summit Builders ("Summit"), and Safeco Insurance Company

("Safeco") based on nonpayment of invoices for Crawford's electrical supply materials. Gonzales used these electrical supply materials to complete electrical subcontract work for Summit on two public school projects in the Houston Independent School District. Summit had an agreement with Safeco to provide payment bonds for these projects, as required by Texas Government Code Chapter 2253. Gonzales filed an answer on August 23, 2012, and an amended answer on November 1, 2012, but did not assert any cross-claims or third party claims. Gonzales first asserted affirmative defenses against Summit and Safeco on January 14, 2012 in a Third Party Petition claiming that they owed Gonzales money not only for the claims of Crawford, but also for other, unrelated claims, and then on March 21, 2014 filed a Third Party Petition against Summit dck, LLC.[5] On August 27, 2012 Summit filed a cross-claim against then co-Defendant Gonzales. Following a settlement among Crawford, Summit, and Safeco, Crawford dismissed with prejudice all its claims against Summit and Safeco that same day. #1-4.

Almost two years later, on May 28, 2014 Crawford moved to nonsuit with prejudice its claims against Gonzales in the original

---

[5] Summit dck allegedly bought a substantial portion of Summit's assets during the performance of the two projects and "assumed control of the Projects and is believed to have assumed all rights and responsibilities of Summit under its contract with Gonzales." Third Party Claims Against Falciani and dck Worldwide, LLC, #1-3, ¶ 11.

action.[6]   #1-4.   On the same day Gonzales filed a Third Party
Petition seeking monetary relief in the amount of $7,698,136.51
against two newly added parties, dck Worldwide, LLC and Frank
Falciani ("Falciani"), both purported citizens of Pennsylvania.
Dck Worldwide, LLC (the parent company of Summit dck, also a
citizen of Pennsylvania) accepted service for itself.  At this time
no served party attempted to remove the case within the next thirty
days.[7]  Gonzales argues that, even at this date, the fact that the
case was commenced more than a year before diversity jurisdiction
arose would preclude removal under 28 U.S.C. § 1446(c)(1)("A case
may not be removed under subsection (b)(3) on the basis of
jurisdiction conferred by section 1332 more than 1 year after the
commencement of the action, unless the district court finds that
the plaintiff has acted in bad faith in order to prevent a
defendant from removing the action.").

Falciani was not served until July 24, 2014.

On July 30, 2014 the parties filed an agreed motion to realign
the parties, as is now indicated in the heading of this Opinion and

---

[6] According to Gonzales, because Crawford and Gonzales shared
citizenship (corporations doing business in Texas), they were not
diverse and diversity jurisdiction did not exist until Crawford
was no longer a party.   Thus diversity became complete on May
28, 2014, or at the latest, when the parties were realigned.

[7] A corporation's failure to remove a suit within the one-
year time limit of 28 U.S.C. § 1446(b) and 1447(c) constitutes a
procedural defect.  *Big Country Vein Relief, LP v. Directory
Assistants, Inc.*, 425 Fed. Appx. 287, 289 (5th Cir. May 12,
2011).

Order, naming Gonzales as Plaintiff and the other parties as Defendants.[8] With the consent of the other Defendants, Falciani removed this action on August 8, 2014, within 30 days after he was served, more than thirty days after diversity jurisdiction was attained, and more than two and a half years after the case was initiated.

Falciani was then dismissed without prejudice from the case on August 11, 2014 pursuant to an agreed motion (instruments #5, 6).

Copies of all referenced state court pleadings and orders are found at #1, under Notice of Removal.

. **Gonzales' Motion to Remand (#8)**

Gonzales contends that Defendants failed to comply with § 1446(c)(1)'s one-year time limit for removal: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of

_____

[8] The legislative history of § 1446(b)(2)'s one-year bar on removal on diversity jurisdiction

> "addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under Section 1446(b) removal is possible whenever this event occurs so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove."

*New York Life Ins*. *Co. v. Deshotel*, 142 F.3d 873, 887 (5th Cir. 1998), *quoting* H.R. Report No. 100-889 (1988), *reprinted in* 1988 U.S.C.A.A.N. 5982, 6031-34, and *citing* 134 Cong. Rec. 31064 (1988).

the action[9] unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." As noted, diversity jurisdiction was established when Crawford Electric, the only non-diverse party, dismissed its claims against Gonzales on May 28, 2014, or, alternatively on July 28, 2014 when, pursuant to the state court's recommendation, Gonzales agreed to a realignment of the parties and became the Plaintiff in interest and the remaining parties the diverse Defendants. Falciani filed his notice of removal on August 1, 2014. Therefore, insists Gonzales, the removal did not meet the statutory procedures mandated by § 1446(c)(1), and remand is proper.

Furthermore, Gonzales argues that because the state court case made "substantial progress" in the two years that this suit remained there, remand is appropriate. Gonzales contends that Defendants waived their right to removal by "invoking the processes of the state court on numerous occasions": "asking the court for affirmative relief by filing a cross claim (Summit), filing motions to [e]xtend time to raise objections (Summit), motions for protective orders (Summit dck), and asking the court for relief in the form of attorneys fees (Safeco)." #8 at pp. 5-6.

Alternatively, maintains Gonzales, after Crawford's claims were completely dismissed as of May 28, 2014, even though the case

---

[9] Gonzales observes that Crawford initiated this suit in July 2012, but even if Defendants argue that this suit began with Gonzales' first crossclaim on January 14, 2013, the removal on August 1, 2012 was filed well over a year afterward.

then became removable, neither Summit, Summit dck nor Safeco attempted to remove it despite § 1446(b)(3)'s allowance for removal within 30 days of a previously non-removable suit upon the receipt of a filing or other paper that creates a basis for removal. Instead, each of them waited until August 1, 2014 to join in and consent to the removal by Falciani. Now that Falciani has been dismissed, Gonzales argues that Defendants may not independently assert a right to remove because each failed to file a timely notice of removal with 30 days of the establishment of diversity.

### Defendants' Response (#13)

Noting that Gonzales has focused on solely procedural grounds for seeking remand, Defendants claim that Gonzales's arguments contain material errors of fact and law and that undisputed facts show that equity requires a denial of the motion to remand because Gonzales's conduct reflects a pattern of pleading and dismissal that constitutes a clear effort to manipulate the forum so as to deprive Defendants of their right to remove the suit to federal court. In other words, the pleading pattern exhibited by Gonzales warrants application of the *Tedford* bad faith exception and justification for an equitable exception to the one-year time limit under § 1446.

Specifically as examples of a continuous pattern of dilatory pleading, Defendants first point out that Gonzales delayed until January 14, 2013 to assert that Summit and Safeco owed it money for more than Crawford's claim and deliberately did not join Falciani

and dck Worldwide even though the events which supported Gonzales's claims against them occurred several months before his Third Party Petition. In the cross-claim that Gonzales filed a month later against Summit and Safeco, Gonzales asserted essentially the same claims and still did not join Falciani or dck Worldwide. Amending both its cross-claims and third party claims on March 12, 2014, Gonzales finally added Summit dck as a party, even though Gonzales had worked directly with Summit dck since September 2012, but still did not join Falciani or dck Worldwide. On May 28, 2014, the date Crawford nonsuited its claims against Gonzales, Gonzales, asserting that it was acting in good faith, at last filed a Third Party petition against Falciani and dck Worldwide, seeking to recover $7,698,136.51, based on emails sent by Falciani on September 20, 2012, nearly two years before, and based on new theories, i.e., libel or slander per se, business disparagement, and business defamation. No discovery had been conducted on these new factual allegations and theories. Furthermore, one week after Falciani filed his timely notice of removal, Gonzales moved to dismiss its claims against Falciani without prejudice. Defendants suggest that Gonzales suddenly decided that being in federal court was more injurious to it than retaining claims for $7,698,136.51 in damages against Falciani.

Defendants further charge that Gonzales's pattern of dilatory pleading and dismissal of the claims against Falciani without prejudice, so that Gonzales can refile them after this suit is

remanded, demonstrate forum shopping and that for equitable reasons the Court should deny the motion to remand. They additionally point out that even though this suit has been pending for over two years, Gonzales has not taken even one deposition and has only participated in paper discovery since the beginning of 2014. The only significant activity before the state court was Gonzalez's effort immediately before removal to compel production of the asset sale documents between Summit Builders and Summit dck, and those documents are not relevant to any cause of action that Gonzales has pleaded in this suit.

Falciani's removal, filed within thirty days after he was served, was proper, according to Defendants, because the one-year bar in § 1446(b) is non-jurisdictional and because this Court can waive it in light of Gonzales's described inequitable conduct. *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992). Moreover the bar is subject to equitable exception in the form of estoppel for bad faith forum manipulation. *Tedford*, 327 F.3d at 426-27. Gonzales delayed until May 28, 2014 to file all new third party causes of action in a suit that was filed in September 2012, based on events taking place in 2012, in other words actually a new suit asserted inside an existing one. They complain that these third party causes of action do not share material facts or legal issues with any other claims in the suit in which they were untimely asserted. *See KinaKinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351, 353 (M.D. La. 1996)(court may deny

remand based on impermissible forum manipulation and apply equitable exception to the one-year rule in § 1446(b)). Gonzales buttressed that dilatory pleading with the voluntary dismissal without prejudice of Falciani after removal that was obviously aimed at forum manipulation. Furthermore, emphasize Defendants, the reason for establishing the one-year limitation is explained in *Greene v. Mobil Oil Corp.*, 66 F. Supp. 2d 822, 824 (E.D. Tex. 1999): "The one year limit was fashioned as "a means of reducing the opportunity for removal after substantial progress had been made in state court. . . . Congressional concern is expressed that settlement with a diversity-destroying defendant on the eve of trial, for example, may permit removal by the other defendants, causing substantial delay and disruption."

Furthermore, claim Defendants, Gonzales errs in arguing that its voluntary dismissal of Falciani and dck Worldwide is relevant because the propriety of a removal is determined at the time of removal only and subsequent events after removal are not relevant as a matter of law. Nor does the dismissal of $7,698,136.51 in claims affect the analysis. Even if the Court considers that dismissal, diversity still exists between Gonzales (a Texas resident and Defendants (Summit is a citizen of Arizona, Safeco, of Washington, and Summit dck, of Delaware) and Gonzales' claims still exceed the jurisdictional limit of $75,000. Instead, the Court should find the dismissal is "a transparent attempt to forum shop and is not made in good faith." #13 at p. 9.

### Gonzales's Reply (#14)

Charging that Defendants' efforts to discredit Gonzales's motivation in dismissing Falciani are unsupported by the facts, Gonzales claims that during the litigation Gonzales first discovered an email from Falciani, Managing Director for dck Worldwide and/or an entity called "dck/fwf," stating to Summit employees that Gonzales was "stealing material from the [Summit] project" and should be terminated, even though Falciani was not involved with Summit in any way. Two days later Gonzales was terminated. A subsequently discovered email from Falciani revealed that he did not believe that Gonzales had done anything wrong, indeed had done a good job on the project, and that Gonzales had not been terminated for any negative reason. This discovery provided Gonzales with a good faith belief for bringing libel and business defamation claims against Falciani. Subsequently after reviewing thousands of Summit-produced emails, Gonzales was surprised to discover a business organization chart for Summit dck identifying Falciani as one of its employees. Gonzales states that now it knew that the initial disparaging email was shared among employees of Summit dck and Summit, not a third party, and thus there was no basis to support the publication element of the libel and business disparagement claims it asserted against Falciani and dck Worldwide, so Gonzales dismissed them. It also informed counsel for Summit dck at the time it filed the motion for dismissal. An officer of the court has an obligation to dismiss

claims found to lack support.  Furthermore Gonzalez urges that "the dismissal of Falciani and dck Worldwide was not for the purpose of forum shopping, largely because their presence or dismissal from the lawsuit should not have any effect on the proper forum."  #14 at p.3.[10]

## Defendants Surreply (#17)

Defendants insist this case falls within the equitable exception to the one-year limitation of removal.  Gonzales's claims could have been brought nearly two years ago.  Gonzales claims that only in August 2014 after removal did it have an epiphany that its libel and business disparagement claims were meritless.  Yet they have admitted that they had all the documents to make that discovery before filing the petition on May 26, 2013.[11]  Moreover they dismissed the actions without prejudice, showing they mean to

---

[10] Defendants urge that the dismissal of the removing party, which could have been effected months before and was nothing more than an attempt at forum manipulation, and falls under an equitable exception to be considered in deciding whether to remand the case.

[11] Defendants state that on February 20, 2014 they produced 1.9 gigabytes of emails to Gonzales; on April 30, 2014, over 2.3 gigabytes; and on June 6, 2014, over 100 gigabytes.  In all three productions there were emails with the information needed to determine whether Falciani was an employee of Summit dck. (Plaintiff filed suit on the business disparagement and business defamation theories on May 26, 2014, claiming Falciani's allegations caused the termination of Gonzales. Defendants also state that on September 21, 2012 Falciani signed a termination letter with the Summit dck letterhead for three other projects. Defendants provide no evidence to support these claims, however.

refile it later.

Furthermore, insist Defendants, Gonzales has never been terminated on the projects at issue here.[12] Gonzales last worked on the two school projects in the second half of 2012. Even if Gonzales were terminated from either job, it occurred almost two years ago, and Gonzales could have brought the claims against Worldwide and Falciani at any time in the last year and a half, but sat on these claims until May 26, 2014 based on events that occurred in 2012. Moreover, the third party claims have no material facts or legal issues in common with the other claims in this action.

## Court's Decision

Having carefully reviewed the record and the applicable law, the Court finds that the motion for remand should be granted. While the issue is a close one, given the strict construction of events in favor of remand, the Court has doubts about propriety of the removal and finds that the Defendants did not pursue their right of removal as vigilantly as they could and should have.

There is no dispute that this case was removed more than one year after it was commenced. As a threshold matter, the Court rejects Gonzales's argument that Defendants waived their right to removal by invoking the processes of the state court. As clearly stated in *Tedford*, 327 F.3d at 428, "A waiver of the right to

---

[12] There is no evidence to support either side's claim regarding the alleged termination.

remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits." While the Court agrees that Gonzales spent a substantial time while in state court filing numerous petitions, cross claims, and third-party claims, there was no such adjudication on the merits while the suit remained in state court, nor is there evidence of "substantial progress" on the merits.

Nevertheless until Crawford dismissed its claims against Gonzales on May 28, 2014, there was no diversity jurisdiction and Gonzales could not manipulate the forum. Moreover while Defendants charge that Gonzales did so with bad faith intent in filing the Third Party Petition against dck Worldwide and Falciani and then dismissing Falciani without prejudice shortly after the removal, upon close examination the Court finds that the argument about Gonzales's motivation is not only speculative, but unpersuasive. Gonzales's filing of the Third Party Claims against dck Worldwide and Falciani opened the door for removal of the action if the one-year bar could be overcome and is clearly contrary to Gonzales's purported effort to keep the case in state court and manipulate the forum. A reasonable, if not overwhelming argument, exists to support an equitable exception to the one-year bar up to this point in light of Gonzales's continuing expansion of claims and parties during the two years in state court, but Defendants could have challenged these amendments and additions while there but

apparently did not.[13]  Significantly, however, once Crawford dismissed Gonzales and filed the Third Party Claims on May 28, 2014, creating diversity, and then served dck Worldwide, dck Worldwide could have removed the action as of the date it was served, but it made no effort to do so and slept on it rights. Approximately two months later Falciani was served and quickly removed the case.

Because the Court has doubts about whether an equitable exception should apply here, the Court

ORDERS that Gonzales's motion for remand is GRANTED and this case is REMANDED to the 113th District Court of Harris County, Texas.

**SIGNED** at Houston, Texas, this 12th day of  December , 2014.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[13] There is no indication in the state court records of any challenges of amended or additional pleadings and defendants.